## Commonwealth v. Turner

*Cari L. Mahler*, for Commonwealth.
*Elayne C. Bryn*, for defendant.

DJERASSI, *J.*, October 22, 2010—This case examines a due process question involving eligibility of PCRA petitioners whose short sentences are complete before a court has ruled on the merits of their ineffective assistance of counsel claims.

Following the general rule stated by *Commonwealth*

*v. Grant*, 572 Pa. 48, 813 A.2d 726 (Pa. 2002), defendant Emma Turner proceeded via the PCRA and petitioned for a new trial or alternatively an evidentiary hearing on grounds that her lawyer failed to discover and call available alibi and character witnesses.

For reasons stated here and on consideration of argument by the Commonwealth and defense, it is hereby ordered that an evidentiary hearing on the merits of Emma Turner's post conviction petition for relief is granted.

## PROCEDURAL HISTORY

On November 5, 2007, defendant Turner was tried without a jury before this court. Adrian J. Moody, Esq. was retained as defense counsel. At the conclusion of the trial, Turner was found guilty of conspiracy to deliver a controlled substance. On January 14, 2008, a two-year probation sentence was imposed. There was no direct appeal.

On January 12, 2009, Turner, pro se, filed a PCRA petition alleging that her trial counsel, Moody, had rendered ineffective assistance. On April 16, 2009, Elayne C. Bryn, Esq. was appointed as Turner's PCRA counsel. A status listing for Turner's PCRA petition was first scheduled for July 21, 2009. Counsel investigated and, on November 17, 2009, filed an amended PCRA petition which she supplemented on February 8, 2010. On February 17, 2010, the Commonwealth requested a 60 day continuance so the Commonwealth could respond to the amended and supplemental petitions and the matter was continued to April 26, 2010.

On February 19, 2010, Turner completed her probation

sentence.

On April 23, 2010, the Commonwealth filed a motion to dismiss arguing against an evidentiary hearing on the merits. On May 3, 2010, the Commonwealth supplemented its motion to dismiss, arguing, for the first time, that Turner was no longer eligible for relief because her sentence had expired on February 19, 2010.

On May 17, 2010, Turner responded, arguing that dismissing the petition without an evidentiary hearing on the merits would violate her right to due process of law. On May 19, 2010, the Commonwealth filed a letter brief, again arguing that Turner's PCRA petition should be dismissed because she had completed her probation sentence.

## STATEMENT OF THE CASE

This court's guilty verdict hinged on a factual finding that the police testimony was more credible than the testimony of Turner and her codefendant Michael Neal. That factual finding was made absent alibi and character evidence that Turner claims her attorney failed to discover and produce at trial.

Police testimony showed that, on November 14, 17, and 21, 2006, a confidential informant ("CI") purchased illegal narcotics from 2866 Aramingo Avenue, Turner's home. Specifically, Police Officer Maureen Snyder testified that she observed Turner open the door for the CI during two of the three control buys. There was no direct evidence that Turner sold drugs to the confidential informant. Upon execution of a search warrant at 2866 Aramingo, on November 21, 2006, police recovered $201 from Turner, including $10 in prerecorded buy money used by the CI earlier that day.

At trial, Turner emphatically denied any involvement in the alleged drug sales. In particular, Turner testified that she was working at John Paul Jones Middle School at the time of each control buy. She also testified that codefendant Neal, who lived at her home, had given her money which included the recovered buy money. Neal himself testified that David Turner, Emma Turner's son, was responsible for the drug sales at 2866 Aramingo. Turner further testified that she had repeatedly, but unsuccessfully, tried to bar David Turner from entering her home. No alibi or character evidence was offered to corroborate Emma Turner's testimony.

To support her PCRA petition, Emma Turner has presented sworn and notarized affidavits attesting to her good reputation and buttressing her alibi. This available alibi and character evidence, if shown and believed at an evidentiary hearing, would have bolstered the credibility of Turner's trial testimony and undermined the reliability of critical police testimony.

## POST CONVICTION CLAIMS AND DEFENSES

Turner claims that her trial counsel rendered ineffective assistance by: (1) failing to properly investigate the case and call alibi and character witnesses; and (2) prejudicing her defense by jointly representing Turner and her codefendant Michael Neal.[1] Turner has submitted sworn and notarized affidavits from Benita Wright and Anne O'Brien. In their affidavits, both Wright and O'Brien aver that they would have

---

1. Turner also claims that her counsel was ineffective because he failed to move to suppress the drugs and money found at Turner's home. The Commonwealth correctly notes that this claim is underdeveloped and therefore waived. Turner has presented no reason why the search was invalid. In any event, the claim is without merit because the record shows that the search was conducted pursuant to a valid search warrant.

testified to Turner's good works and excellent reputation in the community. Moreover, O'Brien asserts that she would have testified that she was preparing Thanksgiving dinner with Turner on November 21, 2006. In addition, Turner has submitted attendance records which proffer that she was working at John Paul Jones Middle School at the time of the alleged narcotics transactions. Turner argues that her trial counsel should have uncovered and submitted those attendance records. Finally, Turner has submitted a petition in support of her good character and excellent reputation in the community signed by eighteen people, including O'Brien. At age 42, this case is Emma Turner's only conviction.

In response, the Commonwealth claims that Turner's ineffective assistance of counsel claim is utterly without merit. Specifically, the Commonwealth asserts that the alibi provided by Wright and the attendance records are not precise enough to refute the police testimony which showed that Turner engaged in a narcotics transaction on November 21, 2006. Moreover, the Commonwealth argues that the proposed character evidence is not sufficient to call Turner's conviction into doubt.

In addition, the Commonwealth has moved to dismiss Turner's PCRA petition, claiming that she is not eligible for relief because she is no longer in custody — her sentence is completed. In response, Turner argues that dismissing her petition because she has completed her sentence would violate her right to due process under the circumstances here.

## LEGAL ANALYSIS

To be eligible for relief under the PCRA, a defendant must plead and prove by a preponderance of the evidence

all of the following:

(1) That the petitioner has been convicted of a crime under the laws of this Commonwealth and is at the time relief is granted:

(i) currently serving a sentence of imprisonment, probation or parole for the crime...

(2) That the conviction or sentence resulted from one or more of the following:

(ii) Ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place....

42 P.A. C.S. § 9543.

I. *Defendant Turner Has Submitted Affidavits Demonstrating That Her Conviction Resulted from a Violation of Her Right to Effective Assistance of Counsel*

Emma Turner claims that her federal and state constitutional rights were violated because she did not receive effective assistance of counsel at trial. The Sixth and Fourteenth Amendments to the United States Constitution entitle a defendant to effective assistance of counsel. *See Strickland v. Washington*, 466 U.S. 668, 685 (1984). Likewise, Article I, Section 9 of the Pennsylvania Constitution guarantees defendants the right to effective assistance of counsel. *See Commonwealth v. Halley*, 582 Pa. 164, 168, 870 A.2d 795, 798 (Pa. 2005).

A. *Failure to Investigate Alibi*

Turner claims her trial counsel rendered ineffective

assistance by failing to thoroughly investigate the case and call witnesses to provide alibi and character testimony on Turner's behalf. Trial counsel has a general duty to undertake reasonable investigations. *Commonwealth v. Johnson*, 600 Pa. 329, 350-351, 966 A.2d 523, 535 (2009). This duty to investigate may include a duty to interview certain potential witnesses. A prejudicial failure to fulfill this duty may lead to a finding of ineffective assistance. *Id.* To prevail on a claim that trial counsel rendered ineffective assistance by failing to call a witness, the defendant must show that: (1) the witness existed; (2) the witness was available; (3) counsel was informed of the existence of the witness or should have known of the witness' existence; (4) the witness was prepared to cooperate and would have testified on defendant's behalf; and (5) the absence of the witness' testimony prejudiced the defendant. *Commonwealth v. Brown*, 767 A.2d 576, 582 (Pa. Super. 2001).

Turner's trial counsel failed to call Anne O'Brien to support Turner's alibi defense, and he failed to submit available payroll records to prove that she was working at times relevant to her alibi. Ms. O'Brien's affidavit states she was available to testify at trial on Turner's behalf.

B. *Failure to Call Available Character Witnesses*

Emma Turner also claims trial counsel rendered ineffective assistance by failing to call available character witnesses on Turner's behalf. A court must examine all the circumstances of a case in order to determine whether trial counsel's failure to call character witnesses constituted ineffective assistance. *See Commonwealth v. Blount*, 538 Pa. 156, 170, 647 A.2d 199, 206 (Pa. 1994).

Evidence of good character, if available and believed,

may by itself raise a reasonable doubt as to Turner's guilt. *Id.* at 1025. The affidavits submitted with the PCRA petition proffer that Turner's reputation for good character is strong. Nothing in the present record suggests that trial counsel had a reasonable basis for failing to call Benita Wright and/or Anna O'Brien, or others, as character witnesses. Assuming the credibility of the character and alibi evidence, its absence so undermines this Court's truth-determining process that Turner's adjudication of guilt is not reliable. See 42 P.A. C.S. § 9543(2)(ii).

## II. *Due Process Requires That Turner be Given a Remedy for the Proffered Violation of Her Right to Effective Counsel*

We now turn to the main question. Having filed a timely petition under the PCRA, and having completed her sentence, is Emma Turner entitled to a post conviction evidentiary hearing on the merits?

The Pennsylvania Supreme Court has determined that, as a matter of statutory construction, defendants who are no longer serving a sentence are ineligible for relief under the PCRA. *Commonwealth v. Ahlborn*, 548 Pa. 544, 550, 699 A.2d 718, 721 (Pa. 1997). The Supreme Court held that "the denial of relief for a petitioner who has finished serving his sentence is required by the plain language of" the PCRA. *Id.* at 548.

In addition, the Supreme Court has held that ineffective assistance of counsel claims cannot be raised on direct appeal and must, instead, be addressed under the PCRA.[2]

---

2. A claim of ineffective assistance of counsel can be adjudicated on direct appeal if the claim has previously been reviewed by the trial court in a post-sentence motion. *See Commonwealth v. Bomar*, 573 Pa. 426,

*See Commonwealth v. Grant*, 572 Pa. 48, 813 A.2d 726 (Pa. 2002). As the Supreme Court has acknowledged:

> the net effect of these two rules is that claimants may not have the opportunity to raise a claim challenging trial counsel's effectiveness if their direct appeal is final at a time when they are no longer serving a sentence of imprisonment, probation, or parole. *Commonwealth v. O'Berg*, 584 Pa. 11, 14, 830 A.2d 597 (2005).

The Supreme Court specifically declined to remedy this dilemma by allowing defendants with short sentences to raise their ineffectiveness claims on direct appeal. *Id.*

Under law set forth by the Pennsylvania legislature and the Supreme Court, Turner can only raise her ineffective assistance of counsel claim through the PCRA. However, as seen, her PCRA petition is subject to summary dismissal because she is no longer serving her sentence. Such dismissal would deny her any opportunity for relief and violates due process.

Turner has a right to try to vindicate the denial of her constitutional right to effective assistance of counsel. Moreover, Turner has a strong interest in overturning her felony conviction so that she can cure her civil disabilities, clear her reputation, and restore her ability to work at jobs from which she would be disqualified by a felony conviction. Based on her affidavits and the likelihood that ineffective assistance of counsel prejudiced her, due process requires

---

853 (Pa. 2003). This is not a practical exception. In order to properly raise a viable ineffective assistance of counsel claim in a post-sentence motion, trial counsel must be replaced with new counsel and the new counsel must investigate and raise the claim before the short time period for filing post-sentence motions expires.

an evidentiary hearing on the merits.

A. *Due Process is Violated Where There is No Remedy For the Violation of a Constitutional Right*

Comparison of Pennsylvania's post-conviction procedures to those of other jurisdictions clarifies why Pennsylvania's procedures violate due process. Many states require that a defendant be in custody when he files a collateral attack. See Thomas M. Place, *Deferring Ineffectiveness Claims to Collateral Review*, 98 Ky. L.J. 301, 315-16 (2009/2010). However, Pennsylvania, and apparently Arkansas, are the only jurisdictions, state or federal, which prevent a defendant from pursuing a collateral review once a criminal sentence expires. *Id.* at 316; *see also Commonwealth v. Ahlborn*, 683 A.2d 632, 635 n.8 (Pa. Super. 1996) (noting that Pennsylvania is the only state to have expressly abrogated the collateral consequences doctrine). Pennsylvania's post-conviction procedures contradict the United States Supreme Court's presumption that: "[o]ur system affords a defendant convicted in state court numerous opportunities to challenge the constitutionality of his conviction. He may raise constitutional claims on direct appeal, in post conviction proceedings available under state law, and in a federal petition for a writ of habeas corpus." *Daniels v. United States*, 532 U.S. 374, 381 (2001).

Indeed, under the U.S. Constitution, "No State shall... deprive any person of life, liberty, or property without due process of law." U.S. Const. amend. XIV § 1. Under the due process clause, a state's post conviction procedures "must comport with fundamental fairness." *Pennsylvania v. Finley*, 481 U.S. 551, 559 (1987).

Due process, of course, is a flexible concept and requires

only such procedural protections as each situation demands. *See Ford v. Wainwright*, 477 U.S. 399, 424 (1986) (Powell, J. concurring). However, a fundamental requirement of due process and fundamental fairness is clear: a defendant is entitled to an opportunity to be heard. *Id.*

Here, the post conviction PCRA framework created by the Pennsylvania legislature would completely bar Turner from any opportunity to be heard on her constitutional claim of ineffective assistance of counsel, even though she has filed a petition within statutory time limits. This outcome does not comport with fundamental fairness. It is illogical to bar defendants serving short sentences from obtaining relief and confer unequal and, ironically, more substantive procedural protection to convicted defendants serving longer sentences.

Although Pennsylvania presently does not recognize a doctrine of collateral consequences, *Ahlborn*, 683 A.2d at 635, see also *O'Berg*, 584 Pa. 11, Turner is nonetheless entitled to relief because she has a Sixth Amendment right to effective assistance of counsel and Pennsylvania is not giving her an opportunity to be heard. *See McMann v. Richardson*, 397 U.S. 759, 771 (1970) ("If the right to counsel guaranteed by the Constitution is to serve its purpose, defendants cannot be left to the mercies of incompetent counsel..."). If there is no remedy for ineffective assistance of counsel, the right itself has no value. *See Weeks v. United States*, 232 U.S. 383, 393 (1914).

B.  *The Pennsylvania Constitution Is Protected By Grant of An Evidentiary Hearing Under The Circumstances Here*

Like the Fourteenth Amendment to the United States Constitution, Article I, Section 9 of the Pennsylvania

Constitution guarantees a criminal defendant the right to due process of law. *See Commonwealth v. Louden,* 569 Pa. 245, 250, 803 A.2d 1181, 1184 (2002); *See also* Ken Gormley, *The Pennsylvania Constitution* §12.7[h] (2004). The Pennsylvania Constitution's guarantee of due process is largely coextensive with the federal due process clause and likewise requires an evidentiary hearing here.

Additionally, Article 1, Section 11 of the Pennsylvania Constitution provides the right to a remedy as follows:

> All courts shall be open; and every man for an injury done him in his lands, goods, person or reputation shall have remedy by due course of law, and right and justice administered without sale, denial or delay.

Litigation over this clause has largely concerned civil tort matters. See Gormley, *The Pennsylvania Constitution* §14.4-14.5. However, nothing in the clause limits the right to civil matters, and the principle of open courts applies with force in the criminal context.

Accordingly, Article 1, Section 11 of the Pennsylvania Constitution requires that Turner "have remedy by due course of law" - an evidentiary hearing on the merits to determine if injury was caused to her reputation by ineffective assistance of counsel.

C. *Writ of Error Coram Nobis*

Finally, this court notes that prior to the enactment of the PCRA, the common law writ of error *coram nobis* was available to citizens faced with injustice for whom no other remedy was available. It was traditionally available to challenge the validity of a judgment based on facts not before the court when the judgment was entered — such as

alibi and character evidence in this case. *See Commonwealth v. Matthews*, 356 Pa. 100, 51 A.2d 609 (1947). The writ has, of course, been abolished in Pennsylvania where a claim is cognizable under the PCRA. *See Commonwealth v. Pagan*, 844 A.2d 1231 (Pa. Super. 2004).

However, to the extent PCRA remedy is unavailable to Emma Turner because of a constitutional violation by the PCRA itself, this court issues a writ of error *coram nobis* granting an evidentiary hearing on the merits.

## CONCLUSION

For the foregoing reasons, Emma Turner is granted an evidentiary hearing on her claim of ineffective assistance of counsel.