J-S63033-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| CKARON HANDY | |
| Appellant | No. 400 EDA 2015 |

Appeal from the Judgment of Sentence January 14, 2015
in the Court of Common Pleas of Bucks County Criminal Division
at No(s): CP-09-CR-0000504-2013

BEFORE: FORD ELLIOTT, P.J.E., SHOGAN, J., and FITZGERALD,[*] J.

MEMORANDUM BY FITZGERALD, J.: **FILED NOVEMBER 18, 2016**

Appellant, Ckaron Handy, appeals from the judgment of sentence of life plus two-and-one-half to five years' imprisonment imposed after a jury found him guilty of second-degree murder,[1] robbery,[2] and possessing instruments of crime.[3] He claims the trial court erred in denying his pre-trial motion for discharge based on a pre-arrest delay. We affirm.

Appellant's conviction arises out of the fatal shooting of Kevin Battista ("Decedent") in the early morning hours of December 7, 2006. Decedent and Tiffany Calvanese were driving in Decedent's truck in Bristol Township. Decedent stopped in the Bloomsdale neighborhood, which was known as an

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. § 2502(b).

[2] 18 Pa.C.S. § 3701(a)(1)(i), (ii).

[3] 18 Pa.C.S. § 907(b).

open-air drug market. At least two males approached Decedent's vehicle, and Decedent asked for "$60 worth." The male by the driver's window drew a firearm and stated, "I'll give you to the count of three." Decedent attempted to drive away, and the male fired the weapon and killed Decedent.

The lead investigator, Detective Timothy Fuhrmann, received information that the person who shot Decedent was wearing a dark jacket with fur around the collar or hood. Additionally, at least one witness, Sandy Wilson, identified the shooter as Jarrel Hopkins hours after the shooting. Officer Dennis Leighton later reported that approximately fifteen minutes before the shooting, he saw Appellant wearing a faux fur coat and Hopkins wearing a dark jacket with fur lining. In 2007, Wilson gave Detective Fuhrmann a second statement identifying Hopkins. Detective Fuhrmann, however, did not believe Hopkins was a viable suspect.

The police also received information that Appellant was the shooter, including a report that Appellant admitted shooting Decedent. The Commonwealth presented its case to an investigating grand jury on April 16, 2009. The grand jury recommended charges against Appellant on August 19, 2010. More than two years later, on October 1, 2012, the Commonwealth charged Appellant. Appellant filed a pre-trial motion challenging the pre-arrest delay. The trial court deferred ruling on the motion until the Commonwealth presented its case at trial.

A jury was empaneled on December 8, 2014, and trial commenced on December 9, 2014. At trial, Calvanese described the shooting and testified that the shooter was wearing a dark jacket with a fur-trimmed hood. N.T. Trial, 12/9/14, at 228. She also testified that the shooter was the taller of the two men who approached Decedent's vehicle. *Id.* at 225, 227. Additionally, the Commonwealth called Jimmy Lee Cooper, James Williams, and Omar Brooks,[4] who were in the area around the time of the shooting. N.T. Trial, 12/10/14, at 235; N.T. Trial, 12/11/14, at 54, 134. Cooper and Williams stated that they saw Appellant near Decedent's truck and later heard a bang. N.T. Trial, 12/10/14, at 243-44, 249; N.T. Trial, 12/11/14, at 75-76. According to Williams, Appellant gave him the gun used to kill Decedent.[5] N.T. Trial, 12/11/14, at 79. Brooks testified he observed the shooting, but did not know who the shooter was. *Id.* at 149. However, Brooks stated that Appellant told him he killed Decedent. *Id.* at 150.

When called by the Commonwealth, Wilson testified that she could not recall the events of December 7, 2006, and did not remember giving statements to the police. N.T. Trial, 12/10/14, at 50-52. Wilson denied

---

[4] As established by the trial evidence, the prosecution of this case was difficult because many of the witnesses were either sellers or users of drugs. Cooper, Williams, and Brooks also had significant criminal records or gave statements implicating Appellant while facing unrelated charges.

[5] Williams stated he later shot another person in the same neighborhood using the gun Appellant gave him. Williams pleaded guilty to voluntary manslaughter.

seeing anyone shoot Decedent. *Id.* at 53-54. Detective Fuhrmann, however, testified that Wilson gave statements identifying Hopkins as the shooter, but that he found her statements to be inconsistent and her identification to be unreliable. *Id.* at 117-19, 128-29, 131. Hopkins also testified at trial and denied any involvement in the shooting. *Id.* at 60. Appellant called Detective Fuhrmann to testify that a possible witness, Kyle Page, who previously identified Appellant as the shooter, was incarcerated at the time of the shooting. N.T. Trial, 12/12/14, at 20-21. Appellant did not testify or present additional evidence.

On December 12, 2014, the jury found Appellant guilty of second-degree murder and the related offenses. On January 14, 2015, the trial court sentenced Appellant. Appellant timely appealed and complied with the court's order to submit a Pa.R.A.P. 1925(b) statement.

Appellant's sole claim on appeal is that the pre-arrest delay warranted dismissal of the charges against him. *See* Appellant's Brief at 4. He asserts "that the delay was the product of intentional, bad faith, or reckless conduct by the prosecution" that resulted in "the loss of critical defense testimony through memory" and "meaningfully impaired . . . his ability to defend against the charges." *See id.* at 8-10. In support, Appellant notes that Wilson identified Hopkins as the shooter shortly after the incident, but was unable to recall the shooting when she testified at trial. *See id.* No relief is due.

"A trial court's conclusion that pre-arrest delay was reasonable under the facts of a particular case is within the discretion of the trial judge. We will reverse only if there is insufficient evidence in the record to support the lower court's determination." *Commonwealth v. Montalvo*, 641 A.2d 1176, 1182 (Pa. Super. 1994) (citations omitted).

> To prevail on a claim of violation of due process based on pre-arrest delay, a defendant must first establish that the delay caused him actual prejudice. *See Commonwealth v. Louden*, 569 Pa. 245, 250, 803 A.2d 1181, 1184 (2002). In *Louden,* our Supreme Court explained that
>
> > [i]n order for a defendant to show actual prejudice, he or she must show that he or she was meaningfully impaired in his or her ability to defend against the state's charges to such an extent that the disposition of the criminal proceedings was likely affected. This kind of prejudice is commonly demonstrated by the loss of documentary evidence or the unavailability of a key witness. It is not sufficient for a defendant to make speculative or conclusory claims of possible prejudice as a result of the passage of time. When a defendant claims prejudice through the absence of witnesses, he or she must show in what specific manner missing witnesses would have aided the defense. . . . Furthermore, it is the defendant's burden to show that the lost testimony or information is not available through other means.

*Commonwealth v. Tielsch*, 934 A.2d 81, 91-92 (Pa. Super. 2007) (some citations omitted).

Following our review, we concur with the trial court's determination that Appellant did not establish actual prejudice. *See* Trial Ct. Op., 12/8/15, at 12. Appellant had available Wilson's prior statements implicating Hopkins

and was able to use those statements during his cross-examination of Detective Fuhrmann. *See* N.T., 12/10/14, 190-194. Thus, the information that Appellant claims was lost was available through other means, and he has not established that he "was meaningfully impaired in his . . . ability to defend against the state's charges to such an extent that the disposition of the criminal proceedings was likely affected." *See Tielsch*, 943 A.2d at 92.

Accordingly, we discern no error or abuse of discretion in the trial court's denial of Appellant's pre-trial motion for discharge based on the pre-arrest delay. As Appellant's only claim on appeal does not warrant relief, we must affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/18/2016