J-S13020-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MATTHEW ZIMMERMAN | |
| Appellant | No. 2433 EDA 2015 |

Appeal from the PCRA Order July 17, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-1204831-2003
CP-51-CR-1204841-2003

BEFORE: BENDER, P.J.E., LAZARUS, J., and FITZGERALD, J.[*]

MEMORANDUM BY LAZARUS, J.: **FILED MAY 08, 2017**

Matthew Zimmerman appeals from the order, entered in the Court of Common Pleas of Philadelphia County, dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. After careful review, we affirm.

On March 19, 2007, after a nonjury trial, Zimmerman was convicted of two counts of first-degree murder and related crimes stemming from the shooting deaths of his parents in 1997. On July 10, 2007, the court sentenced Zimmerman to an aggregate term of life in prison. The judgment of sentence was affirmed by this Court on March 9, 2009, and our Supreme Court denied allowance of appeal on August 13, 2009.

---

[*] Former Justice specially assigned to the Superior Court.

On November 1, 2010, Zimmerman, through current counsel, filed a timely first PCRA petition, raising multiple complaints of ineffectiveness of counsel. Zimmerman also filed two motions for discovery, seeking the "complete" autopsy report for the victims; information pertaining to two Commonwealth witnesses; and production of an unidentified fingerprint found at the crime scene. The PCRA court denied discovery and, after issuing a Pa.R.C.P. 907 notice of intent to dismiss and considering Zimmerman's response thereto, dismissed Zimmerman's petition without a hearing on July 17, 2015. This timely appeal follows, in which Zimmerman raises the following issues for our review:

> 1. Whether the PCRA court erred and violated due process when it refused to grant discovery of **Brady/Giglio**[1] material and failed to hold an evidentiary hearing to resolve genuine issues of fact material to the claims of ineffective assistance of counsel for failure to investigate and actual, factual innocence arising from new reliable evidence of an alibi defense?
>
> 2. Whether the PCRA court erred in finding that . . . Zimmerman received effective assistance of trial counsel?

Brief of Appellant, at 2.

> We begin by noting our scope and standard or review:
>
> On appeal from the denial of PCRA relief, our standard and scope of review is limited to determining whether the PCRA court's findings are supported by the record and without legal error. Our scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to

_____

[1] **Brady v. Maryland**, 373 U.S. 83 (1963); **Giglio v. United States**, 405 U.S. 150 (1972).

the prevailing party at the PCRA court level. The PCRA court's credibility determinations, when supported by the record, are binding on this Court. However, this Court applies a *de novo* standard of review to the PCRA court's legal conclusions.

***Commonwealth v. Medina***, 92 A.3d 1210, 1214–15 (Pa. Super. 2014) (citations and quotation marks omitted).

We will address Zimmerman's ineffectiveness of counsel claims first. To obtain PCRA relief on such a claim, a petitioner must establish that his conviction or sentence resulted from "[i]neffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S.A. § 9543(a)(2)(ii). Counsel is presumed to be effective; to rebut that presumption, the petitioner must demonstrate counsel's performance was deficient and that such deficiency prejudiced him. ***Commonwealth v. Colavita***, 993 A.2d 874, 886 (Pa. 2010); ***Strickland v. Washington***, 466 U.S. 668 (1984). Prejudice requires proof that, absent the allegedly deficient performance, the outcome of trial would likely have been different. ***Commonwealth v. Daniels***, 104 A.3d 267, 285 (Pa. 2014). When asserting a claim of ineffective assistance of counsel, an appellant is required to make the following showing: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable strategic basis for his action or inaction; and, (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different. ***Commonwealth v. Kelley***, 136 A.3d 1007, 1012 (Pa. Super.

2016). The failure to satisfy any prong of the test for ineffectiveness will cause the claim to fail. *Id.*

Zimmerman identifies five areas in which he believes trial counsel was ineffective. First, we will address his assertion that counsel was ineffective in failing to render accurate advice regarding the advantages and disadvantages of waiving his right to a jury trial. Zimmerman asserts that trial counsel allowed him to sign a "misleading" written jury waiver form stating as follows:

> Do you understand that instead of a jury trial you can choose to be tried by a Judge sitting without a jury in which case you will have all the same rights you would have at a jury trial except that the Judge sitting alone will decide whether or not you are guilty?

Brief of Appellant, at 43. Zimmerman claims, without citation to authority, that this portion of the standard waiver form is misleading "because a bench trial does not afford the same protections as a jury trial." *Id.* Zimmerman further asserts – also without support – that, had he opted for a jury trial, he would have been entitled to a mistrial based on prosecutorial misconduct. "We have repeatedly held that failure to develop an argument with citation to, and analysis of, relevant authority waives the issue on review." *Commonwealth v. Plante*, 914 A.2d 916, 924 (Pa. Super. 2006) (citation

omitted). Because Zimmerman has failed to support these bald assertions with citation to authority, he has waived this claim.[2]

Moreover, Zimmerman was colloquied extensively by the trial court regarding his decision to waive a jury trial. *See* N.T. Trial, 3/6/07, at 5-24. The trial court advised Zimmerman of "[the] essential ingredients, basic to the concept of a jury trial[:] that the jury be chosen from members of the community (a jury of one's peers), that the verdict be unanimous, and that the accused be allowed to participate in the selection of the jury panel." *Commonwealth v. Williams*, 312 A.2d 597, 600 (Pa. 1973). Based upon the totality of relevant circumstances, *see Commonwealth v. Mallory*, 941 A.2d 686, 698 (Pa. 2008), Zimmerman's decision to waive his right to a jury was knowing and intelligent. Accordingly, because the underlying claim that his waiver was not knowing and intelligent is without merit, counsel cannot be deemed ineffective. *Kelley*, *supra*.

Next, Zimmerman claims that trial counsel was ineffective for failing to object to the Commonwealth's violation of the Interstate Agreement on

---

[2] To the extent that Zimmerman's claim is based on a belief that, because a trial court sitting as fact-finder is presumed to ignore prejudicial material, *see Commonwealth v. Irwin*, 639 A.2d 52, 54 (Pa. Super. 1994), he would not have been entitled to a mistrial had the prosecution committed prejudicial misconduct, his belief is misplaced. Prosecutorial misconduct may form the basis for a mistrial not only in jury trials, but also in bench trials. *See Commonwealth v. Francis*, 665 A.2d 821, 825 (Pa. Super. 1995) (mistrial granted in nonjury trial where prosecution's improper references were prejudicial to defendant).

Detainers, 42 Pa.C.S.A. §§ 9101-9108 ("IAD").  Pursuant to the IAD, a State that obtains a prisoner for purposes of trial must try him within 120 days of his arrival and, if it returns him to his original place of imprisonment prior to that trial, charges shall be dismissed with prejudice.  **Alabama v. Bozeman**, 533 U.S. 146, 146 (2001).  Zimmerman claims that the Commonwealth returned him to federal custody without holding a trial and, thus, he was entitled to a dismissal of charges.  This claim is patently meritless.

On September 2, 2005, through counsel, Zimmerman filed a "Motion to Dismiss Pursuant to the Interstate Agreement on Detainers" in which he raised the claim now presented on appeal.  On March 7, 2007, the motion was denied by the trial court, which concluded that Zimmerman's transfer did not occur pursuant to the IAD, but rather via a writ of habeas corpus *ad prosequendum*.[3]  Because Zimmerman's counsel *did* raise this issue prior to trial, his ineffectiveness claim must fail.

Zimmerman next alleges that trial counsel was ineffective for failing to move to dismiss the charges based on the allegedly unreasonable delay that

---

[3] The IAD "does not apply when custody [is] obtained by means of writ of habeas corpus *ad prosequendum*."  **Commonwealth v. Diggs**, 416 A.2d 1119, 1120 (Pa. Super. 1979), citing **United States v. Mauro**, 436 U.S. 340 (1978).

occurred between the time the murders were committed in 1997 and the date he was arrested in 2003. This claim is meritless.

"To prevail on a claim of deprivation of due process based on pre-indictment delay, a defendant must establish: (1) that the delay caused him or her actual prejudice, and (2) that the Commonwealth's reasons for the delay were improper." *Commonwealth v. Louden*, 803 A.2d 1181, 1184 (Pa. 2002).

> In order for a defendant to show actual prejudice, he or she must show that he or she was meaningfully impaired in his or her ability to defend against the state's charges to such an extent that the disposition of the criminal proceedings was likely affected. This kind of prejudice is commonly demonstrated by the loss of documentary evidence or the unavailability of a key witness. It is not sufficient for a defendant to make speculative or conclusory claims of possible prejudice as a result of the passage of time. When a defendant claims prejudice through the absence of witnesses, he or she must show in what specific manner missing witnesses would have aided the defense. Furthermore, it is the defendant's burden to show that the lost testimony or information is not available through other means.

*Id.* (internal citations omitted).

Here, Zimmerman asserts that, had the Commonwealth been more diligent in its prosecution, he could have "gathered the alibi witnesses, obtained the complete autopsy report and retained an expert witness to establish the time of death with greater precision." Brief of Appellant, at 53. However, Zimmerman fails to demonstrate how the delay in prosecution actually prejudiced him. Indeed, this claim is belied by the affidavits of alleged alibi witnesses Zimmerman attached to his opposition to the

Commonwealth's motion to dismiss his PCRA petition, which were obtained in 2011 – twelve years after the murders occurred and four years after his trial occurred. Moreover, Zimmerman provides absolutely no foundation for his assertion that he was not given the complete autopsy report of the victims at the time of his trial. Rather, he inexplicably asserts that because the Commonwealth has not denied the existence of a more complete report, it must exist. In fact, the Commonwealth states in its brief that Zimmerman "was provided with the one and only report." Brief of Appellee, at 15. Because Zimmerman has failed to demonstrate that he was prejudiced by the delay in his prosecution, *Louden*, *supra*, he is entitled to no relief.[4]

Finally, Zimmerman claims that trial counsel was ineffective because he "made no effort to fix the time of death[,] which was essential to establish the alibi defense," Brief of Appellant, at 41, and failed to engage an expert witness to "confirm that the time of death was between 5 a.m. Sunday and 5 p.m. Sunday, in which case Zimmerman would have had an alibi out of the mouths of the prosecution's own witnesses." *Id.* at 55.

---

[4] Zimmerman has also failed to demonstrate that the Commonwealth's reasons for the delay were improper. Zimmerman baldly asserts that "[t]he Commonwealth had no more evidence against Zimmerman in 2003 than it had on February 4, 1997 when it discovered the bodies[.]" Brief of Appellant, at 53. The record belies this statement. In 2003, a fellow inmate named Carl Cobbs came forward with information that he had overheard Zimmerman admit to murdering his parents for money. Cobbs subsequently testified at Zimmerman's trial. Moreover, Zimmerman does not explain what possible "tactical advantage" the Commonwealth gained by allegedly intentionally delaying his prosecution.

To prevail on a claim for ineffective assistance of counsel for failure to call an expert witness, a petitioner must demonstrate:

> (1) that the witness[] existed; (2) that the witness[ was] available; (3) that counsel was informed of the existence of the witness[] or should have known of the witness['] existence; (4) that the witness[ was] available and prepared to cooperate and would have testified on Appellant's behalf; and (5) that the absence of the testimony prejudiced the Appellant.
>
> *Commonwealth v. Lawson*, [] 762 A.2d 753, 756 (Pa. Super. 2000) citing *Commonwealth v. Pursell*, [] 724 A.2d 293 ([Pa.] 1999). Our Supreme Court has also made clear that: "[w]hen a defendant claims that some sort of expert testimony should have been introduced at trial, the defendant must articulate what evidence was available and identify the witness who was willing to offer such evidence." *Commonwealth v. Williams*, [] 640 A.2d 1251, 1265 ([Pa.] 1994) citing *Commonwealth v. Holloway*, [] 572 A.2d 687 ([Pa.] 1990). This is consistent with our Supreme Court's previous mandate that to justify an evidentiary hearing with respect to assertions of ineffectiveness of trial counsel, it is required that an offer of proof be made that alleges sufficient facts upon which a reviewing court can conclude that trial counsel may have been ineffective. *Commonwealth v. Durst*, [] 559 A.2d 504, 505 ([Pa.] 1989). Claims of ineffectiveness of trial counsel cannot be considered in a vacuum. *Id.*

*Commonwealth v. Lowery*, 784 A.2d 795, 800–01 (Pa. Super. 2001), quoting *Commonwealth v. Steward*, 775 A.2d 819, 831-32 (Pa. Super. 2001).

Here, Zimmerman identifies a potential expert witness, whom he "*believes* . . . will testify that the time of death was sometime [on] Sunday, February 2, 1997, between 5 a.m. and 5 p.m." Memorandum of Law Supporting PCRA Petition, 11/1/10, "Request for an Evidentiary Hearing"

(emphasis added). However, Zimmerman neither presents an affidavit from this expert confirming his willingness to testify to those facts, nor does he aver that the expert was available and would have testified at trial. As such, he has failed to demonstrate that trial counsel was ineffective for failing to call an expert witness. **Lowery**, **supra**. Accordingly, his claim lacks merit.

Finally, Zimmerman claims that the PCRA court erred in refusing to grant discovery and declining to hold an evidentiary hearing on the claims raised in his PCRA petition. These claims are meritless.

Zimmerman asserts that the PCRA court erred by not granting him discovery of the "complete" autopsy report, as well as information regarding any agreements the Commonwealth reached with two trial witnesses. Zimmerman also requested the "rap sheets" of those witnesses.

Pennsylvania Rule of Criminal Procedure 902 provides that "[e]xcept [in certain death penalty cases], no discovery shall be permitted at any stage of [PCRA] proceedings, except upon leave of court after a showing of exceptional circumstances." Pa.R.Crim.P. 902(E)(1). Neither the PCRA nor the Pennsylvania Rules of Criminal Procedure define the term "exceptional circumstances." **Commonwealth v. Watley**, 153 A.3d 1034, 1048 (Pa. Super. 2016), citing **Commonwealth v. Frey**, 41 A.3d 605, 611 (Pa. Super. 2012). This Court, however, has held that "the trial court, in its discretion" determines whether a case is exceptional and warrants discovery. **Id.** Thus, we will not disturb a PCRA court's determination regarding the existence of exceptional circumstances unless the court abused its

discretion. *Id.* An abuse of discretion may not be found merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias or ill-will, or such lack of support as to be clearly erroneous. ***Commonwealth v. Kneller***, 999 A.2d 608, 614 (Pa. Super. 2010) (citation omitted).

Here, the PCRA court explained its decision not to grant discovery as follows:

> [W]e reviewed each and every request made by [Zimmerman] in each of his discovery requests and found that no exceptional circumstances existed for any of those requests. To the contrary[,] each request was in the nature of a "fishing expedition" hoping to discover some exculpatory evidence. Accordingly, this [c]ourt properly followed Rule 902 and denied the discovery requests.

PCRA Court Opinion, 4/20/16, at 12.

We can discern no abuse of discretion on the part of the PCRA court. Zimmerman's requests were grounded in mere speculation that the evidence he sought *may* exist. He failed to proffer anything, such as affidavits from the two Commonwealth witnesses, tending to prove that his hunches have any basis in fact. As such, the PCRA court was within its discretion to conclude that Zimmerman's discovery requests were nothing more than fishing expeditions that did not constitute "exceptional circumstances" as required under Rule 902.

Zimmerman's claim that he was entitled to an evidentiary hearing is equally unavailing. Zimmerman asserts that such a hearing was necessary to "resolve matters of credibility" regarding the alibi witnesses who "were

- 11 -

ready, willing and able to give [Zimmerman] an alibi Saturday night." Brief of Appellant, at 14. We disagree.

Pennsylvania Rule of Criminal Procedure 907 provides that the PCRA court has the discretion to dismiss a petition without a hearing when the court is satisfied "that there are no genuine issues concerning any material fact, the defendant is not entitled to post-conviction collateral relief, and no purpose would be served by any further proceedings[.]" Pa.R.Crim.P. 907(1). "[T]o obtain reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he raised a genuine issue of fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing." *Commonwealth v. Hanible*, 30 A.3d 426, 452–53 (Pa. 2011), quoting *Commonwealth v. D'Amato*, 856 A.2d 806, 820 (Pa. 2004).

Here, Zimmerman has failed to satisfy this burden. Zimmerman provided affidavits from four purported alibi witnesses. *See* Opposition to Commonwealth's Motion to Dismiss PCRA, 10/5/11, at Exhibits AA-DD. The first witness, Richard Antipuna, stated, in relevant part, that he saw Zimmerman at a party on the night of Saturday, February 1, 1997. Given that Zimmerman believes the murders occurred between 5 a.m. and 5 p.m. on Sunday, Antipuna's testimony would be irrelevant. Second, Mark Hoffman stated that he saw Zimmerman at a friend's house between 3 p.m. and 6 p.m. on the Sunday of the murders. Even if the murders occurred during the timeframe Zimmerman postulates, Hoffman only provides an alibi

for two out of twelve relevant hours.  The final two witnesses, Dawn Kile and James Holton, claim also to have seen Zimmerman at the party on Saturday evening.  Again, however, given Zimmerman's theory of the case, these statements fail to supply Zimmerman with an alibi for the relevant time period.

Because none of the proffered statements actually provide Zimmerman with an alibi, the PCRA court properly concluded that he failed to raise a genuine issue concerning a material fact that warrants an evidentiary hearing.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/8/2017